IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BENITO M. DOMINGUEZ,**

        Petitioner,

   v.             CASE NO. 12-3093-RDR

**K. DIXON,**

        Respondent.

### O R D E R

This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 submitted by a prisoner incarcerated in a Texas correctional facility. He initiated this pro se action by filing his petition in the United States District Court for the Northern District of Texas. That court transferred the action to the District of Kansas, noting that petitioner was seeking to file an out-of-time appeal regarding his conviction, and finding it had no jurisdiction to grant the relief being requested.

Upon receipt in the District of Kansas, the clerk's office in filed the action as a § 2241 case as titled, and assigned it to the undersigned judge.

*Background*

Court records disclose that petitioner was convicted in the District of Kansas on his plea of guilty to one count of making a fraudulent document and one count of aggravated identity theft. *See U.S. v. Dominguez*, D.Kan. Case No. 00-20019-JWL (judgment entered October 29, 2009). Petitioner filed a pro se notice of appeal over eight months later that was dismissed as untimely filed. *See* 10th

Cir. Appeal No. 10-3175 (docketed July 20, 2010); Fed.R.App.P. 4(b)(1)(A)(i)(setting deadline to file notice of appeal in a criminal case).

Petitioner thereafter filed a motion under 28 U.S.C. § 2255 to vacate his sentence, alleging claims of ineffective assistance of trial counsel. On March 16, 2011, the sentencing court granted the government's motion to enforce petitioner's plea waiver, and denied petitioner's § 2255 motion with respect to petitioner's claim that his attorney failed to file an appeal after being requested to do so, and dismissed all other claims. Petitioner filed an appeal on June 13, 2011, which the Tenth Circuit Court of Appeals dismissed for lack of appellate jurisdiction because the appeal was not filed within the sixty day deadline for filing a notice of appeal in a civil case. *See* 10th Cir. Appeal No. 10-3175; Fed.R.App.P. 4(a)(1)(B). The circuit court further noted that petitioner had failed to move in the district court for an extension of time to file an appeal under Fed.R.App.P. 4(a)(5).

### *No Basis for Relief under 28 U.S.C. § 2241*

In the present action, petitioner claims his prolonged transfer to the Texas facility and his segregated confinement thereafter prevented him from filing a timely notice of appeal from the adverse ruling entered on his § 2255 motion in March 2011, and seeks an order allowing him to file an appeal out of time. This clearly presents no basis for granting relief under § 2241.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and generally, a § 2241 petition attacks the execution

of a sentence rather than its validity.  *Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir.2011).

As it is plain that petitioner is attempting to maintain a challenge to the validity of his sentence rather than its execution, this court has no jurisdiction under § 2241 to consider petitioner's claim absent a showing the remedy afforded by § 2255 is inadequate or ineffective.  *See id.* (a § 2241 petition challenging legality of conviction or sentence is appropriate only if prisoner satisfies burden of affirmatively demonstrating the remedy provided by § 2255 "is inadequate or ineffective to test the legality of ...[his] detention'")(quoting 28 U.S.C. § 2255(e)).  Because no such showing is evident on the face of the petition, the petition is denied to the extent petitioner states he is seeking relief under § 2241.

To the extent petitioner is seeking leave to file an out of time appeal from the denial of his § 2255 motion, this request has no legal basis where petitioner previously filed an appeal from that same decision and the appellate mandate dismissing said appeal has been entered.  The court thus finds transfer of this matter to the sentencing court for further consideration of petitioner's request for leave to file an out of time appeal is not warranted.

IT IS THEREFORE ORDERED that the petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed.

**IT IS SO ORDERED**.

DATED:  This 2nd day of May 2012, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge